UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DAVID L. WILLIAMS, JR.                                          CIVIL ACTION

VERSUS
                                                                NO. 14-640-JJB
FRANCISCAN MISSIONARIES OF OUR LADY
HEALTH SYSTEM, INC.

## RULING ON MOTION FOR SUMMARY JUDGMENT

This case is before the Court on a Motion for Partial Dismissal (Doc. 5) and Renewed Motion for Partial Dismissal (Doc. 11) filed by the defendant, Franciscan Missionaries of Our Lady Health System, Inc. (FMOLHS). David L. Williams, Jr. (Williams), the plaintiff, filed an opposition to both motions (Docs. 9, 14), and FMOLHS replied (Docs. 10, 15). The Court converted (Doc. 21) the motions to a Motion for Summary Judgment, and each party filed a supplemental memorandum (Docs. 23, 24). Oral argument is unnecessary.

### Background

Williams, an African-American man, worked for FMOLHS from March 2008[1] to November 2012 in the information services support field. In July of 2012, Williams became Clinical Information Services (CIS) Local Architect and began working under a new manager, Anne Scroggs (Scroggs). Scroggs gave him a bad performance review, and Williams complained to the department director, claiming[2] that he was being harassed and singled out. Ultimately, on November 26, 2012, FMOLHS terminated Williams.

On July 25, 2013, Williams filed a charge of discrimination with the EEOC and, after the EEOC completed its investigation, filed suit in October of 2014. He asserted tort claims under

---

[1] He worked for them in January and February 2008 as well, but through a staffing company.
[2] The parties dispute whether Williams mentioned race as a potential motivation for the "harassment" and "singling out."

1

state law, which he later voluntary dismissed after acknowledging that prescription had accrued, and claims for race discrimination and retaliation. In its initial Motion for Partial Dismissal, FMOLHS argued that Williams did not sufficiently plead retaliation, and Williams responded by filing an amended complaint (Doc. 8). FMOLHS then filed the Renewed Motion for Partial Dismissal, maintaining its argument that retaliation is outside of the scope of Williams' EEOC charge.

## Standard of Review

A motion for summary judgment should be granted when the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, show that there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A factual dispute is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The admissibility of evidence for summary judgment purposes conforms to the rules of admissibility at trial. *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 285 (5th Cir. 2004) (citations omitted). Material facts are those "that might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. Whether a fact is material will depend on the substantive law. *Id*. When addressing a summary judgment motion, the court must make reasonable inferences in favor of the non-moving party. *Evans v. City of Bishop*, 238 F.3d 586, 589 (5th Cir. 2000). If the movant meets his initial burden of showing the absence of a genuine dispute of material fact, the burden shifts to the nonmovant to identify or produce evidence that establishes a genuine dispute of material fact. *Allen v. Rapides Parish Sch. Bd.*, 204 F.3d 619, 621 (5th Cir. 2000).

## Analysis

After the amended complaint and voluntary dismissals, the remaining issue is whether Williams' retaliation claim is beyond the scope of his EEOC charge and, as a result, may not be pursued because he has failed to exhaust his administrative remedies. FMOLHS argues that the charging documents do not reference retaliation and do not include information or statements such that retaliation could be expected to grow out of the charge. Williams disagrees with this interpretation of the charging documents and also relies upon a 21 page rebuttal letter, which the defendant argues is inadmissible for several reasons.

Under Title VII, a plaintiff must exhaust the available administrative remedies before filing suit. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002). To exhaust administrative remedies, the plaintiff must file an EEOC charge and receive a right to sue letter before pursuing litigation. *Id*. at 79. A Title VII suit, then, is limited to "the scope of the EEOC investigation which could reasonably grow out of the administrative charge." *Fine v. GAP Chem. Corp.*, 995 F.2d 576, 578 (5th Cir. 1993). Claims outside of the scope of the charge do not meet the standard for "exhausted" and must be dismissed. *Fitzgerald v. Secretary, United States Dept. of Veterans Affairs*, 121 F.3d 203, 206 (5th Cir. 1997). The scope of an EEOC charge is construed liberally to protect lay persons who are not well-versed in employment discrimination law; mere "technical defect[s]" are not fatal. *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 462–65 (5th Cir. 1970).

In his charge, Williams does not mention retaliation; although failing to check the retaliation box on the form is not, alone, enough to defeat his claim, Williams also made no indications in his statement that retaliation was at issue. (Doc. 23-2). Further, in his intake questionnaire, Williams again fails to reference to retaliation. (Doc. 23-4). Williams discusses

extensively that he felt that he was treated differently based on race in both his charge and his questionnaire, but these matters do not put FMOLHS on notice that Williams may claim retaliation. Indeed, in both of these documents, Williams only refers to his discharge and purported unequal treatment. He does not state that he was afraid to report his mistreatment or that he felt anything other than race motivated FMOLHS to terminate him, and he does not offer any other details that might suggest retaliation.

However, these documents were accompanied by a rebuttal letter that Williams submitted to the EEOC. (Doc. 9-1). FMOLHS opposes using this letter on a number of grounds, but they also argue[3] that even with the letter, Williams has failed to exhaust his administrative remedies. The letter, a response to the defendant's position statement, primarily challenges the reasons given for terminating Williams by attempting to explain the performance issues that FMOLHS cited and cast doubt on Scroggs' credibility. There are occasional references to complaints and Williams' interactions with the human resources department, and he does note that his discharge "seemed like . . . retaliation." *Id*. at 17. He also alleges that each time he complained about Scroggs, she would "harass him" further and that there was an "atmosphere . . . of fearing retaliation." *Id*. at 17, 21. These instances are buried in a 21 page letter, though, and that letter, read as a whole, clearly intends to make a case for race discrimination alone. Even these mentions of retaliation are used not to bolster an independent claim but rather to support Williams' allegations about Scroggs and FMOLHS. Therefore, when read in combination with the charge and the intake questionnaire—which are barren regarding retaliation—it cannot be said that FMOLHS could reasonably expect retaliation to grow out of the charge. As a result, it is not necessary to consider the admissibility of the letter, and summary judgment in favor of FMOLHS on this issue will be granted.

---

[3] FMOLHS, it should be noted, does not concede that the letter can be used; this is an alternative argument.

## **Conclusion**

For the foregoing reasons, the converted Motion for Summary Judgment (Docs. 5, 11) is GRANTED with respect to the retaliation claim.

Signed in Baton Rouge, Louisiana, on April 14, 2015.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**