UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DAVID L. WILLIAMS, JR.

VERSUS

FRANCISCAN MISSIONARIES OF OUR
LADY HEALTH SYSTEMS, INC.

CIVIL ACTION

NO. 14-640-JJB-EWD

**RULING**

This matter is before the Court on a Motion for Summary Judgment (Doc. 49) brought by the defendant, Franciscan Missionaries of Our Lady Health System, Inc. ("FMOLHS").[1] The plaintiff, David L. Williams, Jr. ("Williams"), filed an opposition (Doc. 55) and the defendant filed a reply brief (Doc. 59). Oral argument is unnecessary. The Court's jurisdiction exists pursuant to 28 U.S.C. § 1331. For the reasons stated herein, the defendant's Motion for Summary Judgment (Doc. 49) is **GRANTED**, and the defendant's Motion to Strike (Doc. 58) is **MOOT**.

**I.   BACKGROUND**

Williams, an African-American man, worked for FMOLHS from March 2008 to November 2012 in the information services support field. In July 2012, Williams became the Clinical Information Services ("CIS") Local Architect and began working under a new manager, Anne Scroggs ("Scroggs"). During his time as a Local Architect, there were numerous documented instances of Williams' substandard performance.[2] After Scroggs gave Williams a bad performance review, in August 2012, Williams complained to the department director, claiming that he was

---

[1] The defendant also filed a Motion to Strike (Doc. 58), seeking to strike the exhibits and attachments Williams used in his Opposition. Because the Court grants summary judgment in FMOLHS's favor—even assuming that the plaintiff's evidence was admissible—the Court need not rule on the admissibility of such documents. Therefore, the defendant's Motion to Strike (Doc. 58) is **MOOT**. The undersigned judge prefers arguments relative to striking exhibits be brought in opposition briefs. There is no need for a duplicitous motion to strike exhibits to be filed. This only adds to the paper work flooding the court.

[2] *See Def.'s Statement of Undisputed Facts*, Doc. 49-2; *Pl.'s Suppl. Statement of Uncontested Material Facts and Statement of Disputed Facts*, Doc. 60-2.

1

being harassed and singled out. Ultimately, on November 26, 2012, FMOLHS terminated Williams.

On July 25, 2013, Williams filed a charge of discrimination with the EEOC and, after the EEOC completed its investigation, filed suit in October 2014. He asserted tort claims under state law, which he later voluntary dismissed after acknowledging that prescription had accrued, and claims for race discrimination and retaliation under Title VII and 42 U.S.C. § 1981. The Court previously dismissed Williams' Title VII retaliation claims; the only remaining claims are for race discrimination under Title VII and § 1981, and retaliation under § 1981. *See Ruling on Mot. for Summ. J.* 3–4, Doc. 27.

## II.   SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). When the burden at trial rests on the non-moving party, the moving party need only demonstrate that the record lacks sufficient evidentiary support for the non-moving party's case. *Id.* The moving party may do this by showing that the evidence is insufficient to prove the existence of one or more essential elements of the non-moving party's case. *Id.* A party must support its summary judgment position by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1).

Although the Court considers evidence in a light most favorable to the non-moving party, the non-moving party must show that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Conclusory allegations and unsubstantiated assertions will not

2

satisfy the non-moving party's burden. *Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139–40 (5th Cir. 1996). If, once the non-moving party has been given the opportunity to raise a genuine fact issue, no reasonable juror could find for the non-moving party, summary judgment will be granted for the moving party. *Celotex*, 477 U.S. at 322–23.

### III.   DISCUSSION

#### A.   Discrimination Claim

This Court analyzes claims of discrimination based on Title VII and 42 U.S.C. § 1981, including racial discrimination and retaliation claims, under the same analysis. *Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 468 (5th Cir. 2002). In order to survive summary judgment, the plaintiff must satisfy the *McDonnell Douglas* burden-shifting framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under this framework, the plaintiff must first establish a prima facie case of discrimination. *Id.* If he successfully does so, the defendant must respond by setting forth its legitimate, non-discriminatory reason for firing the plaintiff. *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005). If the defendant produces a legitimate reason, any presumption of discrimination raised by the plaintiff's prima facie case vanishes. *Id.* The plaintiff may still avoid summary judgment if he "offers sufficient evidence to create a genuine issue of material fact either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another 'motivating factor' is the plaintiff's protected characteristic (mixed-motives alternative)." *Vaughn v. Woodforest Bank*, 665 F.3d 632, 636 (5th Cir. 2011) (quoting *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004)).

The plaintiff must first establish a prima facie case of discrimination by showing that he (1) is a member of a protected class, (2) was qualified for the position, (3) was subjected to an

3

adverse employment action, and (4) that others similarly situated were treated more favorably under nearly identical circumstances. *See id.* The first three elements are undisputed—Williams is a member of a protected class, was qualified for the position, and was subjected to an adverse employment action when FMOLHS terminated his employment. *See Pl.'s Opp'n* 16, Doc. 55. FMOLHS argues, and the Court agrees, that Williams cannot establish the fourth element of his prima facie case of race discrimination because Williams cannot demonstrate other similarly situated employees were treated more favorably. *Def.'s Supp. Mem.* 12–22, Doc. 49-1.

A Title VII plaintiff may establish the fourth element of his prima facie case by proffering a fellow employee as a comparator to demonstrate that the employment actions at issue were taken "under nearly identical circumstances." *Little v. Republic Ref. Co.*, 924 F.2d 93, 97 (5th Cir.1991) (internal quotation marks omitted). The employment actions occur under nearly identical circumstances "*when the employees being compared held the same job or responsibilities*, shared the same supervisor or had their employment status determined by the same person, *and have essentially comparable violation histories*." *Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009) (emphasis added). Importantly, the plaintiff's conduct that drew the adverse employment decision must have been "'nearly identical' to that of the proffered comparator who allegedly drew dissimilar employment decisions." *Id.* If the "difference between the plaintiff's conduct and that of those alleged to be similarly situated *accounts for* the difference in treatment received from the employer," the employees are not similarly situated for the purposes of an employment discrimination analysis. *Id.* (emphasis in original).

In the instant case, Williams has not come forth with evidence demonstrating that the employment actions at issue were taken under nearly identical circumstances. The court has scoured Williams' brief and found only one arguably proffered comparator—Susan Creel. *See*

4

*Pl.'s Opp'n* 13, Doc. 55. After Williams and Creel were both late to a meeting, Scroggs—one of Williams' supervisors—counseled Williams via email about the expectations of being on time for meetings.[3] However, Scroggs could not remember counseling Creel for being late to the meeting.[4] There are two problems with naming Creel as a potential comparator. First, Williams and Creel do not hold the same job or responsibilities—at the time of this particular incident, Williams was a Local Clinical Architect, while Creel was a Senior Clinical Architect and apparently another one of Williams' supervisors.[5] *See Lee*, 574 F.3d at 260 (requiring the proffered comparator to hold the same job or responsibilities). Second, Williams came forth with no evidence demonstrating that Williams and Creel have "essentially comparable violation histories." *Id.* Given Williams' long record of performance deficiencies, documented by numerous directors, managers, supervisors, team leaders, and coworkers, no rational juror could find that Williams has established that others similarly situated were treated more favorably under nearly identical circumstances. Accordingly, Williams has not demonstrated his prima facie case of discrimination[6] and, therefore, summary judgment is **GRANTED** as to the race discrimination claims.

### B.    Retaliation Claim

Under 42 U.S.C. § 1981, a prima facie case for retaliation requires the plaintiff to show that (1) he participated in a protected activity, (2) he suffered an adverse employment action by his employer, and (3) there is a causal connection between the protected activity and the adverse

---

[3] *See Email from Elidia Anne Scroggs, Clinical Info. Servs. Manager, Franciscan Missionaries of Our Lady Health Sys., to David L. Williams* (Oct. 29, 2012, 2:40 PM), Doc. 49-9 (Def.'s Ex. G-9).
[4] *Scrogg's Dep.* 30:18–31:23, Doc. 55-23.
[5] *See Email from Susan Creel, Senior Clinical Architect, to Elidia Anne Scroggs, Clinical Info. Servs. Manager* 1–2 (Nov. 20, 2012, 3:40 PM), Doc. 49-9 (Def.'s Ex. G-12).
[6] Assuming *arguendo* that the plaintiff could establish a prima facie case, the Court notes that FMOLHS has come forth with clearly legitimate, non-discriminatory reasons for its actions, and Williams cannot offer evidence of pretext or that race played a motivating factor in his termination. The factual issues Williams asserts are in dispute, *see Pl.'s Opp'n* 1–14, Doc. 55, are not material to the outcome of the case.

5

action. *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 331 (5th Cir. 2009). If the plaintiff cannot support all three elements, then summary judgment for the defendant is appropriate. *Id.* Here, it is undisputed that Williams' termination constitutes an adverse employment action. The parties dispute whether Williams engaged in a protected activity and, if so, whether Williams can establish the required causation between that activity and his termination. For the purposes of this ruling, the Court assumes that the plaintiff can demonstrate there are genuine issues of material fact as to him engaging in a protected activity. Nevertheless, Williams has failed to come forth with evidence demonstrating a genuine issue of material fact regarding causation, and the defendants are therefore entitled to judgment as a matter of law.

Causation, for purposes of proving a prima facie case of retaliation, may be established by close temporal proximity between the protected activity and the adverse employment action. *McCoy v. City of Shreveport*, 492 F.3d 551, 562 (5th Cir. 2007). However, "temporal proximity can only establish a causal link when it is connected to the decision maker's knowledge of the protected activity." *Thompson v. Somervell Cnty., Tex.*, 431 F. App'x 338, 342 (5th Cir. 2011) (holding no causation in a Title VII retaliation case when plaintiff relied solely on the inference of temporal proximity and defendant offered testimony that he did not know of the protected activity prior to making the decision to terminate). Specifically, the decision maker must know of the protected activity when the *decision* to take the adverse employment action occurred. *Reynolds v. Extendicare Health Servs., Inc.*, 257 F. App'x 914, 919 (6th Cir. 2007) (citing *Clark City Sch. Dist. v. Breeden*, 532 U.S. 268, 272–73 (2001) ("Employers need not suspend previously planned transfers upon discovering that a Title VII suit has been filed, and their proceeding along lines previously contemplated, though not yet definitively determined, is no evidence whatever of causality.").

Here, FMOLHS has offered testimony of the three individuals involved in the decision to terminate Williams—Ms. Limbers, Scroggs, and Ms. Yander. All three individuals testified that they were not aware of any purported protected activity by Williams—none were ever aware that Williams complained that he believed actions were being taken against him on account of his race. *See Limbers' Decl.* ¶ 10, Doc. 49-8; *Scroggs' Decl.* ¶ 11, Doc. 49-9; *Yander's Decl.* ¶ 10, Doc. 49-3. Thus, the defendants have come forth with evidence that the decision makers had no knowledge of the protected activity when they made the decision to terminate Williams.

Meanwhile, Williams argues that he can establish a causal connection between his protected activity—complaints about being treated unfairly—and his termination. *See Pl.'s Opp'n* 19, Doc. 21. He claims that the causal connection is established based on the temporal proximity between his oral complaints to Ms. Limbers in August 2012, and Williams being written up or counseled three times in September 2012. *Id.* However, assuming these oral complaints constitute a protected activity, Williams provided no citation to the record to support his claim that he made these complaints about racial discrimination. Arguments made in briefs are not competent summary judgment evidence, nor is the Court required to look through the record in search of such evidence. *See* Fed. R. Civ. P. 56(c) (stating that parties must support an assertion that a fact is genuinely disputed by citing to particular parts of materials in the records). Thus, Williams has cited to no evidence that the decision makers *knew* of the protected activities at the time they made the decision to fire Williams. *See Pl.'s Opp'n* 19–20, Doc. 55. Therefore, Williams has not satisfied his burden of coming forth with evidence demonstrating a causal connection between Williams' complaints and his termination. *See Thompson*, 431 F. App'x at 342 (5th Cir. 2011). Because Williams failed to establish one of the three elements of his prima facie case of retaliation, summary judgment is **GRANTED** as to the retaliation claim.

7

## IV. CONCLUSION

For the reasons stated above, the defendant's Motion for Summary Judgment (Doc. 49) is **GRANTED**, and the defendant's Motion to Strike (Doc. 58) is **MOOT**.

Signed in Baton Rouge, Louisiana, on May 26, 2016.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**